ALBERT J. PHILPOTT, Respondent, v. ANTHONY H. CONRAD et al., Appellants.— Appeal by defendants from a judgment of the Supreme Court in favor of the plaintiff, entered February 17, 1953, in Broome County upon a jury verdict at a Trial Term. Plaintiff has recovered a judgment for $18,096.79 as a result of a collision between a vehicle owned and operated by the plaintiff and a vehicle owned by the defendant Charles H. Conrad and operated by the defendant Anthony H. Conrad on February 22, 1950. Plaintiff was driving his automobile in an easterly direction on a State highway known as Route 17-C and intended

to make a left turn into a driveway on the north side of the highway. He testified that he stopped in the east-bound lane and waited for a truck traveling west to pass him. He then looked to the rear, to his left and straight ahead, but saw no traffic approaching. He testified that he proceeded to turn left at a speed of five miles per hour, and when the front wheels of his vehicle had entered the driveway and about six or seven feet of his vehicle extended into the west-bound lane, he was struck by the defendant's automobile, which was proceeding westerly. The highway at that point is twenty feet in width and was straight and level for several hundred feet to the east of the driveway. Plaintiff stated that he could see a distance of five hundred to six hundred feet when he looked straight ahead before making the turn. After plaintiff started to turn he did not look again to the east and did not at any time see the defendant's car before the impact took place, saying: "I didn't see a thing anywhere, absolutely not a thing anywhere". The driver of the defendant's automobile testified he was proceeding westerly at about thirty-five miles per hour; that he saw the plaintiff approaching and saw him stop his car, both vehicles being in their proper lanes, and when he was within fifty or sixty feet from the plaintiff's vehicle the plaintiff suddenly made a left turn directly in front of him; that he applied his brakes but was unable to avoid the collision. The foregoing is substantially all of the evidence as to the happening of the accident. The mere happening of an accident is not evidence of negligence, and on the whole record we think that the verdict is clearly against the weight of evidence and that the judgment appealed from must be reversed. Judgment reversed, on the law and facts, and new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. See 283 App. Div. 839.]